■ THE PEOPLE OF THE STATE OF NEW YORK, Respondent, v PAUL KK, Appellant.—Appeal from a judgment of the County Court of Broome County, rendered March 31, 1975, which adjudged defendant to be a youthful offender and sentenced him to a period of probation. Defendant's contentions that he was denied the effective assistance of counsel and was coerced into offering a plea of guilty to the charged offense are wholly unsubstantiated, and the record plainly demonstrates that his guilty plea was entered after inquiry disclosing it to be the product of his free and voluntary choice. Matters submitted by the People in relation to this aspect of the appeal which are not properly a portion of the record have not been considered. In regard to defendant's attack on the sentence of probation, CPL 720.20 (subd 3) requires that youthful offenders be sentenced pursuant to section 60.02 or section 60.03 of the Penal Law. While both provisions authorize a sentence of probation in the discretion of the court, the distinction between them in

this respect is easily discernible: the latter provision specifically governs those who are addicted to narcotics, whereas the former statute applies generally to all youthful offenders who are not so addicted. In this case the trial court most likely intended to impose the sentence authorized by subdivision 2 of section 60.03 of the Penal Law for it purported to include as a condition of that probation a requirement that defendant undergo treatment in an inpatient program of the Drug Abuse Control Commission (now the Office of Drug Abuse Services [L 1975, ch 667, § 1]). The record, however, does not reveal that defendant underwent a medical examination and was found to be a narcotic addict in accordance with article 81 of the Mental Hygiene Law, or that the commission consented to provide defendant with treatment in such a program. Absent a finding of addiction, section 60.03 of the Penal Law would not apply to defendant and, even if addiction had been established, subdivision 2 thereof would not apply without the commission's consent. Since it is impossible to say upon the instant record whether defendant's sentence was authorized, it follows that the matter must be remitted to the trial court for resentencing. Either the record must be further developed to permit the reimposition of the original sentence, should defendant's present status warrant such action, or a new sentence, as authorized by sections 60.02 or 60.03 of the Penal Law, should be imposed in its stead. Judgment modified, on the law, by reversing so much thereof as imposed sentence, and matter remitted for resentencing in accordance with this decision, and, as so modified, affirmed. Herlihy, P. J., Greenblott, Kane, Main and Reynolds, JJ., concur.